JOE PARTIN, On Behalf of Himself and other interested taxpayers of the City of Raleigh v. THE CITY OF RALEIGH

No. 7010SC357

(Filed 5 August 1970)

Taxation § 14; Municipal Corporations § 39— municipal privilege license taxes — retailers of sandwiches, soft drinks, cigarettes — service station operator renting space to vending machine company — exemption from tax

Service station operator who, in return for rents and commissions, furnishes space and performs certain other services for the operation of sandwich, open cup soft drink, and cigarette vending machines owned by a vending company is not engaged in the business of retailing such products and is exempt from municipal privilege license taxes imposed upon retailers of such products as a person at whose place of business sandwiches, soft drinks in open cups and cigarettes are sold exclusively through vending machines owned and operated by vendors licensed under G.S. 105-65.1 and paying gross receipts tax thereunder.

APPEAL by defendant from *Bailey, J.,* February 1970 Civil Session, WAKE Superior Court.

The following quotation from the judgment is deemed sufficient to delineate the controversy:

"The defendant seeks to collect privilege license taxes from the plaintiff and others of like class under authority of Raleigh City Ordinances embodied in the Raleigh City Code as Sections 14-159, Restaurants, 14-167, Soft Drinks, Soda Fountains, and Soft Drink Stands, and 14-174, Tobacco and Cigarette Retailers and Jobbers. Copy of the pertinent sections of the Code is attached to the complaint as Exhibit A. Each such Ordinance begins 'every person engaged in the business of' and thereafter describes the business or operation sought to be taxed. Defendant conceded in open Court that such Ordinances would apply to the plaintiff and others in similar business only upon a showing that such persons were 'engaged in the business of operating' the particular business sought to be taxed.

"Plaintiff through stipulation offered evidence tending to show and showing that the vending machines located in plaintiff's place of business purveying prepared sandwiches, soft drinks in open cups and cigarettes were owned by Macke Vendapak Co. and the stipulation further set forth and the Court has found such facts by the evidence and its greater weight that those facets of ownership and operation em-

bodied in Paragraph 9 of the Finding of Fact hereinabove set out constitute 'engaging in the business of operating' (a) a place where prepared sandwiches are served (b) the sale of soft drinks in open cup dispensers (it being conceded that there is no statutory exemption under G.S. 105-65.1 with respect to bottle soft drinks), and (c) the retailing of cigarettes, by Macke.

"The defendant has offered testimony tending to show that the plaintiff furnished to Macke Vendapak space for the operation of its vending machines and furnished certain other services as set out in Paragraphs 4, 5, 6, 7, and 8 for which Macke Vendapak periodically paid to the plaintiff certain commissions or rents. The Court determines and so finds as a matter of law that such services rendered as a consideration for the payment of commissions or rents do not constitute engaging in the business of the retailing of sandwiches, soft drinks in open cups and cigarettes by the plaintiff and others of like class. The Court therefore concludes that the plaintiff (and others of like class) are exempt from taxation under Raleigh City Ordinances 14-159, 14-167, and 14-174 as a person or persons at whose place of business sandwiches, soft drinks sold in open cup containers and/or tobacco are sold exclusively through vending machines owned and operated by vendors licensed under N.C.G.S. 105-65.1, and paying gross receipts tax thereunder. Having reached such conclusion based upon the facts submitted, the Court does not deem it necessary to pass on the constitutional questions embodied in the complaint.

### JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The defendant City of Raleigh be and hereby is permanently enjoined from seeking to collect or collecting from the plaintiff and others so described privilege licenses set out in Raleigh Ordinance 14-159, 14-167, and 14-174, as now written."

Defendant excepted to the entry of the judgment and appealed.

State v. Walker

*Henderson, Henderson and Shuford by David H. Henderson for plaintiff appellee.*

*Donald L. Smith and Broxie J. Nelson for defendant appellant.*

VAUGHN, J.

The only assignment of error brought forward by appellant is that the trial court erred in the signing and entry of the judgment. This presents the face of the record proper for review. The facts were stipulated. We hold that they support the judgment which is regular in form. The judgment is affirmed.

Affirmed.

CAMPBELL and PARKER, JJ., concur.